SIMPSON HAFLER V. THE STATE.

No. 11198.   Delivered November 20, 1927.

**Theft—Venue of Offense—Rule Stated.**

In a prosecution for theft, it being shown that the property was stolen in Galveston County and then taken into Jefferson County, the prosecution could be maintained either in Galveston County or Jefferson County, under Art. 197, C. C. P., 1925.

Appeal from the District Court of Jefferson County.   Tried below before the Hon. George C. O'Brien, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for felony theft, the punishment being two years in the penitentiary.

No bills of exception appear in the record bringing forward complaint of any ruling of the court during the trial.   The only question reviewable is the sufficiency of the evidence.

The indictment charged appellant with the theft in Jefferson County of oil well tools aggregating in value $1,660.   The property was stolen originally at High Island, in Galveston County, but a quantity of it was shipped by rail by appellant or under his direction (he being present) from China, in Jefferson County, to Wichita Falls and Electra.   Appellant and another party started in an automobile with still more of the stolen property from Jefferson County to Wichita Falls.   Finding the car to be too heavily loaded they stopped at Jacksonville and from there shipped by rail to Wichita Falls some of the tools, conveying the remainder in the car to the latter place, where appellant and his companion accompanied the officers to the railroad office and pointed out the tools which had been shipped. Appellant also shipped or caused to be shipped from China to Houston other oil well tools.   The record as to the property last mentioned is somewhat confusing as to whether it was a part of the same property originally stolen at High Island.

The original theft having occurred in Galveston County, it is contended the prosecution should have been lodged there instead of in Jefferson County.   The evidence makes it clear that the stolen property had been taken into the latter county and prosecution could be maintained either there or in Galveston County under Art. 197, C. C. P. (1925), which reposes venue in either county.

Appellant claimed he did not commit the theft but that the stolen property was delivered to him by another party.   His evidence upon the point is far from convincing and it is not strange the jury found upon that issue in favor of the state.

The judgment is affirmed.

*Affirmed.*